Filed 7/30/26  Padilla v. Jakubaitis CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CARLOS PADILLA III, | |
| Plaintiff and Respondent, | G065727 |
| v. | (Super. Ct. No. 30-2012-00553004) |
| FRANK JAKUBAITIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Theodore R. Howard, Judge. Affirmed. Request for Judicial Notice. Denied. Motion to Strike. Denied in part and granted in part.

Frank Jakubaitis, in pro. per., for Defendant and Appellant.

Pacific Premier Law Group and Arash Shirdel for Plaintiff and Respondent.

\*       \*       \*

# INTRODUCTION

Plaintiff and respondent Carlos Padilla, III obtained a judgment in the amount of $419,186.78 following a trial at which defendant and Appellant Frank Jakubaitis[1] did not appear. Frank contends the judgment is void because he was never served with a notice of trial in accordance with Code of Civil Procedure section 594 (section 594). A party may proceed with a trial and obtain a judgment in the absence of an adverse party only once the party offers proof at trial that the adverse party has received notice as specified in section 594, subdivision (b). Section 594's notice requirement is mandatory and jurisdictional: A judgment entered against an absent party following a trial conducted without the notice required by section 594 is void.

Although Padilla did not serve Frank with a timely notice of trial in accordance with section 594, Frank was served with a notice to appear for trial and, in filings with the court, acknowledged he knew of the trial date months in advance. This combination of the notice to appear at trial and Frank's knowledge of the trial date, we conclude, satisfied the notice requirement of section 594. Thus, any error in proceeding with trial in Frank's absence without first requiring Padilla to present evidence of service of the notice required by section 594 was harmless.

---

[1] Both Frank Jakubaitas and his wife Tara Jakubaitas were defendants in the underlying lawsuit. We refer to them by first name for simplicity and convenience, and not out of disrespect.

## FACTS AND PROCEDURAL HISTORY

Padilla filed his complaint against Frank Jakubaitis and others in March 2012.[2] In January 2020, Padilla filed a fourth amended complaint (the Complaint), which alleged three causes of action for breach of contract; three causes of action for promissory estoppel; four causes of action for fraudulent transfer; four causes of action for fraud; and one cause of action each for unpaid meal periods, unpaid rest periods, unpaid overtime, inaccurate wage statements, waiting wage penalties, violation of the Corporations Code, and unfair business practices. Frank Jakubaitis filed an answer to the Complaint in April 2021.

At a case management conference on January 20, 2023, a jury trial was scheduled to begin on June 17, 2024. The minute order for the case management conference does not identify Frank as having appeared.

In March 2024, Frank and Tara filed an ex parte application for order allowing his motion for summary adjudication to be heard less than 30 days before trial. The application noted the court's reservation system indicated the earliest date on which the court could hear the motion was June 27, 2024. The trial court granted the application only as to Tara. On March 11, 2024, Frank filed a second application on his own behalf. In a supporting declaration, Frank stated that unanticipated computer mishaps "disrupt[ed]" his ability to meet a hearing date of May 16, 2024, which was "thirty days before trial."

In April 2024 Frank and Tara brought an ex parte application for leave to file a motion for judgment on the pleadings within 30 days of trial. The notice of the application states: "Grounds exist for the court to hear their

_____

[2] Also named as defendants were Tara Jakubaitis aka Tara Valiza, Wecosign, Inc., and Tara Pacific, Inc.

3

motion for judgment on the pleadings at any time prior to the *June 17, 2024* trial date." (Italics added.) On June 6, 2024, Frank was served with a notice to appear at trial. The notice demanded that Frank appear at trial, which, the notice stated, was "scheduled to commence on 6.17.24 at 9:00AM, in department C-18" of the Orange County Superior Court, Central Justice Center. Tara was served with a virtually identical notice to appear at trial.

On June 10, 2024, Frank and Tara gave notice that they intended to appear ex parte the next day to apply for a trial continuance. Padilla prepared opposition to that ex parte application. Neither the ex parte application nor the opposition was ever filed.

On June 14, 2024—three days before the scheduled trial date— Tara filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of North Carolina. Frank and Tara filed a notice of stay of proceedings on June 17, 2024. According to the notice, the case was stayed "[w]ith regard to all parties."

Frank and Tara did not appear at trial on June 17, 2024. The trial court ordered a stay as to Tara only and trial went forward as to Frank. Padilla testified and submitted exhibits, which the court received into evidence. The trial court found in Padilla's favor, and in November 2024 a judgment in the amount of $419,186.78 was entered against Frank. On the judgment, a box is checked to indicate "[d]efendant was properly served with notice of trial."

Frank filed a notice of intent to move for a new trial on grounds of irregularity in proceedings or abuse of discretion, accident or surprise, and the trial court's decision was against the law. (Code Civ. Proc., § 657, subds. (1), (3), (6).) Frank did not file a memorandum of points and authorities or declarations in support of a motion for a new trial, and the trial court denied

4

the motion for that reason.[3]

## DISCUSSION

## I.

### Request for Judicial Notice and Motion to Strike

Padilla has filed a request that we take judicial notice of 11 facts and documents relating to bankruptcy petitions filed by Frank and Tara. Frank has filed opposition to the request for judicial notice. We deny the request because the facts and documents sought to be noticed are not relevant to the issues presented by this appeal. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6 [courts will take judicial notice of only relevant matter]; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 687, fn. 10 [same]

Frank has filed a motion to strike portions of the respondent's appendix and the respondent's brief. Padilla filed opposition to that motion. The motion to strike portions of the respondent's appendix is denied. The motion to strike portions of the respondent's brief is granted as to: (1) the Introduction section to the respondent's brief; (2) page 8, the first full paragraph; (3) page 10, the word "fraudulent" in the second line of the second full paragraph; and (4) page 10, the phrase "in order to attempt to postpone the pending trial date" in the second and third lines of the second full paragraph. In all other respects, the motion to strike portions of the respondent's brief is denied.

---

[3] We find no error in the trial court's denial of Frank motion for a new trial. Rule 3.1600(b) of the California Rules of Court permits a trial court to deny a motion for a new trial without a hearing on the merits if the moving party did not file a memorandum of points and authorities in support of the motion.

## II.

### Frank Received Notice Sufficient to Satisfy
### Section 594

Frank argues the judgment against him is void because Padilla did not serve a notice of the trial date pursuant to section 594 and such failure to give notice is jurisdictional. Padilla contends that Frank knew the trial date and was given notice of it sufficient to satisfy section 594.

Section 594, which addresses actions brought to trial in the absence of an adverse party, has both a notice requirement and an evidentiary rule. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 54, 56 (*Goddard*).) As relevant here, the notice requirement is that "either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, . . . may proceed with the case and take a . . . judgment, . . . provided, . . . the adverse party has had 15 days' notice of such trial." (§ 594, subd. (a).) The notice of trial, if not served by the court clerk, "may be served by mail by any party on the adverse party not less than 15 days prior to the date set for trial." (*Id.*, § 594, subd. (b).)

As relevant here, the evidentiary rule of section 594 is that in order to try an issue of fact in the absence of an adverse party, "proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . as specified in subdivision (b)." (§ 594, subd. (a).) "If notice is served by a party, proof may be made by introduction into evidence of an affidavit or certificate pursuant to subdivision (1) or (2) of Section 1013a or other competent evidence." (*Id.*, subd. (b).)

The notice requirement is mandatory and jurisdictional. (*Au-Yang v. Barton* (1999) 21 Cal.4th 958; *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 948.) A judgment entered following

a trial conducted in absence of the notice required by section 594 is void. (*Urethane Foam Experts,* at p. 767.) The evidentiary rule, though mandatory, is not jurisdictional, and therefore failure to submit proof of the notice of trial is subject to harmless error analysis. (*Goddard, supra*, 33 Cal.4th at p. 52, 58, 59.)

In *Goddard*, the California Supreme Court explained that "when, as here, it is clear from the record that notice was given consistent with the provisions of section 594(a)'s, but was simply not received into evidence pursuant to section 594(b)'s evidentiary rule, the error is subject to harmless error review and is not jurisdictional." (*Goddard, supra*, 33 Cal.4th at p. 59.) In *Goddard,* the husband in a marital dissolution action did not appear at trial and judgment was entered against him. (*Goddard, supra*, 33 Cal.4th at p. 52.) On appeal, he argued that although he had been served with a notice of trial, that notice was not introduced at trial or demonstrated by other competent evidence. (*Id.* at pp. 52, 60.) The proof of service of the notice of trial had been filed with the court prior to trial and appeared in the appellate record. (*Id.* at pp. 59-60.) The Supreme Court concluded the failure to comply with the evidentiary rule of section 594 was harmless because the trial court had relied on the filed proof of service, which established compliance with section 594's notice requirement.

Padilla did not comply with the evidentiary rule of section 594. The court minute order for the trial does not reflect that Padilla introduced evidence to show compliance with the notice requirement of section 594 or that the trial court made any finding on compliance. The judgment does indicate that Frank "was properly served with notice of trial," but Frank contends that Padilla's counsel, who prepared the judgment, falsely made that representation which, Frank argues, is not supported by the record.

7

Although a formal notice of trial under section 594 was not given, in addressing prejudice we cannot ignore the facts that Frank did receive notice and knew of the trial date months before trial commenced.[4] On June 6, 2024, Frank was served with a notice to appear at trial. This notice had all the hallmarks of a notice of trial under section 594: It was written, and provided the date, time, court, and department of trial. While the notice was served 11 days before trial, the notice was served electronically and therefore imparted virtually the same amount of notice as a notice of trial served by mail 15 days before the trial date.[5]

Frank participated at every stage of the litigation and, as demonstrated by his ex parte applications, knew as early as April 22, 2024 that the trial date was June 17, 2024. In their notice of ex parte application dated April 22, 2024, Frank and Tara stated that "[g]rounds exist for the court to hear their motion for judgment on the pleadings at any time prior to the *June 17, 2024* trial date." Earlier, in his application for an order allowing

[4] Citing *Bird v. McGuire* (1963) 216 Cal.App.2d 702 (*Bird*), Padilla argues a notice of trial does not have to be formal, may be oral, and is deemed to have been given to a party attending a trial setting conference. In *Bird*, the Court of Appeal stated that "section 594 does not prescribe the kind of notice required" and "does not require that notice be written." (*Id.* at pp. 713, 714.) *Bird* was issued before subdivision (b) was added to section 594 by amendments made in 1975. (*Goddard, supra*, 33 Cal.4th at p. 56, fn. 3.) Subdivision (b) states that notice of trial must be served by mail.

[5] Frank argues the notice to appear at trial was not served in compliance with Code of Civil Procedure section 1987. Whether or not that is true, the notice was served in a manner compliant with section 594. A document which may be served by mail may be served electronically. (§ 1010.6, subds. (a)(D) & (3).) An unrepresented party may be served electronically if the party consents to electronic service. (*Id.*, subd. (c)(2).) The record shows that all parties routinely served documents by electronic means with no objections.

his motion for summary judgment to be heard less than 30 days before trial, Frank stated that unanticipated computer problems disrupted his ability to meet a hearing date of May 16, 2024, which was "thirty days before trial." Frank and Tara electronically filed a notice of bankruptcy stay precisely on the trial date.

Frank does not deny he knew of the trial date. Instead, he contends he made no sworn statement acknowledging a trial date. However, Frank signed an ex parte application in which he represented that grounds existed for relief based on the June 17, 2024 trial date. A signature by an attorney or unrepresented party on a written notice of motion constitutes a certification by the attorney or unrepresented party that the motion "is not being presented primarily for an improper purpose" and "[t]he allegations and other factual contentions have evidentiary support." (Code Civ. Proc., § 128.7, subd. (b)(1) & (3).)

We understand that "[n]otice, when required by a statute, is not the equivalent of knowledge." (*Williams v. Bergin* (1895) 108 Cal.166, 171.) But here, Frank had both notice, as provided by the notice to appear at trial, and knowledge of the trial date.

The purpose of section 594 is to prevent the possibility of a judgment being entered against a party "'who has, by reason of insufficient notice or no notice of the time of trial, been unable to appear.'" (*Au-Yang v. Barton, supra,* 21 Cal.4th at p. 963; see *Goddard, supra,* 33 Cal.4th at p. 58 ["section 594(b) serves to promote the same policy objective as section 594(a) to prevent judgments where one party had *no notice* of trial" (italics added)].) We do not perceive a purpose of section 594 is to allow a party who had notice to appear at trial, knew of the trial date months in advance, and was able to appear at trial, to circumvent the judgment entered in his absence.

9

We conclude the error in not complying with section 594's evidentiary rule was harmless because Frank received notice of the trial date on June 11, 2024 and knew of the June 17, 2024 trial date no later than April 22, 2024. Our conclusion is not at odds with *Goddard*. There, the Supreme Court stated, "[w]e do not address the situation of a judgment entered against a party who never received notice of a trial date." (*Goddard, supra*, 33 Cal.4th at p. 59.) We now address that situation. Although Frank was not served with formal notice of trial pursuant to section 594, the combination of the notice to appear at trial along with Frank's acknowledgment on signed applications presented to the trial court that he knew the trial date constitutes notice sufficient to satisfy the jurisdictional requirement of section 594. Thus, lack of an evidentiary presentation on notice was harmless, and substantial evidence supports the finding in the judgment that Frank was properly served with notice of trial.

## III.

### Frank Did Not Meet His Burden of Showing the Bankruptcy Stay Extended to Him

On June 17, 2024, Frank and Tara filed a notice of stay of proceedings caused by Tara filing her Chapter 13 bankruptcy petition three days earlier. The trial court ordered the case stayed as to Tara, but not as to Frank. He contends the court erred in doing so because the bankruptcy stay extended to him because the outcome of this case could have an effect on Tara's bankruptcy estate.

11 United States Code Annotated section 362(a) provides that the filing of a bankruptcy petition under section 301, 302, or 303 of the United States Bankruptcy Code operates as a stay of any judicial proceeding against

10

the debtor that was or could have been commenced before the bankruptcy case commenced. The stay may extend to a civil action against a non-debtors if that civil action is "related to bankruptcy." (*Pacor, Inc. v. Higgins* (3d Cir. 1984) 743 F.2d 984, 994, overruled on another ground in *Things Remembered, Inc. v. Petrarca* (1995) 516 U.S. 124, 134-135.) "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." (*Ibid.*)

"'[E]xtensions of the stay to protect non-debtor parties are the exception, not the rule,' however, 'and [they] are generally not favored. Thus, the movant must show by "clear and convincing evidence" that extension of the stay is warranted,' and the extension of an automatic stay to non-debtors is considered 'extraordinary relief.'" (*Raudonis v. Realty Shares, Inc.* (D. Mass. 2020) 507 F.Supp.3d 378, 381; see *Beran v. World Telemetry, Inc.* (S.D. Tex. 2010) 747 F.Supp.2d 719, 723 ["The party invoking the stay has the burden to show that it is applicable"].)

Thus, merely filing the notice of stay was insufficient to extend the stay to Frank, a non-debtor. It was incumbent upon Frank to appear at trial and show by clear and convincing evidence that extension of the automatic stay to him was warranted. He did not do so.

## DISPOSITION

The judgment is affirmed. Padilla may recover costs incurred on appeal.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

SERVINO, J.